IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIAN GUILLEN,<br><br>                Plaintiff,<br><br>v.<br><br>MR. ZENK, Warden at M.V.C.C.; M. DAWSON, Medical Administrator; DOCTOR FAMIGLIO; and CORNELL COMPANIES,<br><br>                Defendants | Civil Action No. 07 - 245J<br><br>Magistrate Judge Lisa Pupo Lenihan |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.        RECOMMENDATION

It is respectfully recommended that Plaintiff's Motion for Temporary Restraining Order (doc. no. 24) be denied.

II.       REPORT

Plaintiff, Julian Guillen, a federal prisoner presently confined at the Correctional Institution at Moshannon Valley located in Philipsburg, Pennsylvania, commenced this action pursuant to the rule announced in Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), wherein the Supreme Court recognized a cause of action for damages against a federal agent when, acting under color of his authority, he violated an individual's constitutional rights. Here, Plaintiff claims that Defendants violated his right to adequate medical care as required by the Eighth Amendment. In his request for injunctive relief, Plaintiff complains that Defendants are refusing to provide him with recommended back surgery.

This Court has discretion to grant preliminary injunctive relief under Fed. R. Civ. Proc. 65. The party seeking a preliminary injunction has the burden of demonstrating: 1) a

reasonable probability of success on the merits; 2) irreparable harm if the injunction is denied; 3) that the issuance of an injunction will not result in greater harm to the mon-moving party; and 4) that the public interest would best be served by granting the injunction. Council of Alternative Political Parties v. Hooks, 121 F.3d 876, 879 (3d Cir. 1997); Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990). The Court should issue the injunction only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief. Opticians, 920 F.2d at 192 (citing ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987)).

The purpose of the preliminary injunction is to preserve the status quo until the rights of the parties can be fairly and fully investigated and determined by strictly legal proofs and according to the principles of equity. Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980). Thus, the grant of injunctive relief is an "extraordinary remedy which should be granted only in limited circumstances." American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421 (3d Cir. 1994) (quoting Frank's GMC Truck Center, Inc. v. General Motor Corp., 847 F.2d 100, 102 (3d Cir. 1988)), *cert. denied*, 514 U.S. 1103 (1995). The facts must clearly support a finding that immediate and irreparable injury will result to the movant if preliminary relief is denied. United States v. Stazola, 893 F.2d 34, 37 n.3 (3d Cir. 1990). The plaintiff bears the burden of establishing a "clear showing of immediate irreparable injury." Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), *cert. denied*, 493 U.S. 848 (1989); ECRI, 809 F.2d at 226 (it is not enough to merely show irreparable harm: the plaintiff has the burden of showing immediate irreparable injury, which is more than merely serious or substantial harm and which cannot be redressed with money damages).

Absent a showing of immediate, irreparable injury, the court should deny preliminary injunctive relief. Acierno, 40 F.3d at 655.

In his claims for preliminary injunctive relief, Plaintiff requests that this Court order Defendants to provide him with back surgery. Plaintiff's request for preliminary injunctive relief is directed not merely at preserving the status quo; instead, it seeks mandatory relief. In this situation, the burden on the moving party is particularly heavy. *See* Punnett v. Carter, 621 F.2d 578, 582 (3d Cir. 1980); Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994). Moreover, a request for injunctive relief in the prison context "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.' " Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982)).

Where a plaintiff requests an injunction that would require the Court to interfere with the administration of a state prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." Rizzo v. Goode, 423 U.S. 362, 379 (1976). The federal courts are not overseers of the day-to-day management of prisons. Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." Wolff v. McDonnell, 418 U.S. 539, 566 (1974). Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security. Beard v. Banks, 126 S.Ct. 2572, 2578 (U.S. June 28, 2006); Bell v. Wolfish, 441 U.S. 520, 527 (1979).

In response to Plaintiff's motion, Defendants have submitted evidence that shows the following. Plaintiff arrived at Moshannon in March of 2007 and, since that time, has been regularly seen by the medical department for complaints about his back. He was placed on a weight lifting restriction of fifteen pounds with no prolonged standing. He was treated with medications and stretching exercises. In December of 2007, he was seen by a physician and a back spasm was noted. His medication was changed and he was seen again in January of 2008. It is noted that the change in medication appeared to be helping his lower back pain. X-rays of his spine and a lumbar spine EMG revealed normal findings.

On April 24, 2008, Plaintiff, complaining of renewed back pain, was seen by Dr. Agra. At that time, Dr. Agra recommended a consultation with an outside specialist. Because he failed to follow the proper procedure, his recommendation for an outside specialist consultation was not acted upon and Dr. Agra, believing his request had been denied, informed Plaintiff of the same when he saw him in June of 2008. Since that time, an outside specialist consult has been approved and is being scheduled. There is no evidence that any medical specialist has recommended surgery for Plaintiff's condition at this time.

The facts above fail to show any immediate, irreparable injury that will result from the Court's denial of his motion that cannot be compensated with money damages; such relief, if necessary, should be required only after a full review of the relevant facts and law. Moreover, as argued in the pending motion to dismiss, it is not at all clear that Plaintiff has shown a likelihood of success on the merits. Accordingly, his motion for injunctive relief should be denied.

III.     CONCLUSION

It is respectfully recommended that Plaintiff's Motion for a Temporary Restraining Order (doc. no. 24) be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                              Lisa Pupo Lenihan
                              U.S. Magistrate Judge

September 15, 2008

cc:    Kim R. Gibson
       United States District Judge

       Julian Guillen
       28358-069
       CI Moshannon Valley
       555 I-Cornell Drive
       Philipsburg, PA 16866