IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIAN GUILLEN, | ) |
| Plaintiff, | ) Civil Action No. 07 - 245J |
| v. | ) District Judge Kim R. Gibson |
| MR. ZENK, Warden at M.V.C.C.; M. DAWSON, Medical Administrator; DOCTOR FAMIGLIO; and CORNELL COMPANIES, | ) |
| Defendants | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I**.**RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that Defendants' Motion to Dismiss (doc. no. 20) be granted. It is further recommended that the Court decline to exercise jurisdiction over Plaintiff's state law claims.

**II.    REPORT**

Julian Guillen is a prisoner currently incarcerated in the United States Penitentiary at Canaan, located in Waymart, Pennsylvania. Plaintiff asserts that his constitutional rights were violated in several respects while he was incarcerated at Moshannon Valley Correctional Center located in Clearfield County, Pennsylvania (MVCC). He also raises several state law claims. MVCC is a private prison operated by Defendant Cornell Companies, Inc., (Cornell) and the individual Defendants are all employees of Cornell. Plaintiff is a federal prisoner being housed under a contract between Cornell and the Federal Bureau of Prisons.

This is civil rights action by a federal prisoner which must, necessarily, proceed pursuant to the implied cause of action recognized in Bivens v. Six Unknown Agents of the Federal

Bureau of Narcotics, 403 U.S. 388 (1971). Defendants move to dismiss the Complaint on the basis that they are private individuals, and a private corporation, and not government employees to whom Bivens actions are applicable. This Court agrees.

A. Standard of Review

Defendants have filed motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. As the United States Supreme Court recently held in Bell Atlantic Corp. v.Twombly, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The court must accept as true all allegations of the Complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. *See* California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 127 S. Ct. at 1965 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp., 127 S.Ct. at 1965. Additionally, "a civil rights claim 'must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983." ' Coronado v. Goord, No. 99 Civ. 1674, 2000 WL

1372834, at *2 (S.D.N.Y. 2000) (quoting Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987)).

Recently, the Court of Appeals for the Third Circuit opined as to the impact of the Twombly decision on the pleading standard for purposes of a Rule 12(b)(6) motion:

> In light of Twombly, Rule 8(a)(2) requires a "showing" rather than a blanket assertion of an entitlement to relief. We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice, but also the "grounds" on which the claim rests.

Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (citing Twombly, 127 S.Ct. at 1965 n. 3). Thus, the Court of Appeals concluded that after Twombly, it no longer is sufficient merely to allege the elements of a cause of action; rather, Twombly requires that the complaint "'allege facts suggestive of [the proscribed] conduct.'" *Id.* at 233 (citing Twombly, 127 S.Ct. at 1969 n. 8).

## B. Bivens Liability

Plaintiff necessarily asserts liability against the Defendants pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). To state a claim under Bivens, Plaintiff must meet two threshold requirements. He must show: 1) that the alleged misconduct was committed by a **federal agent**; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Id*.

Although the Court of Appeals for the Third Circuit has not resolved the issue, two circuit courts have refused to extend Bivens liability to individual employees of a privately operated prison where state law provides alternate remedies for the inmate's alleged injuries. See Alba v. Montford, 517 F.3d 1249, 1254-55 (11th Cir. 2008); Holly v. Scott, 434 F.3d 287, 295-97 (4th Cir.),

3

*cert. denied*, 547 U.S. 1168 (2006).[1] In these cases, the Courts of Appeals followed the Supreme Court's opinion in Correctional Services Corp. v. Malesko, 534 U.S. 61 (2001), which reasoned that the purpose of Bivens is only "to provide an otherwise nonexistent cause of action against individual officers alleged to have acted unconstitutionally, or to provide a cause of action for a plaintiff who lacked any alternative remedy." Malesko, 534 U.S. at 70. In light of this determination, the Courts of Appeals held that where a plaintiff has alternative state or federal remedies available, the Supreme Court would not extend Bivens liability to employees of a privately operated prison. Alba, 517 F.3d at 1252-54; Holly, 434 F.3d at 295-96. This reasoning is consistent with the Supreme Court's most recent statements concerning the extension of Bivens claims. Wilkie v. Robbins, _ U.S. _, 127 S.Ct. 2588, 2598 (2007) (citations omitted) ("We have seen no case for extending Bivens to claims against . . . private prisons.").

This Court agrees. Here, Plaintiff may pursue the state law claims he raises here in the state courts. That remedy being available, there is no need to "create" a Bivens action.[2]

### C. State Law Claims

Plaintiff includes state law claims in his Complaint. A federal court has "supplemental jurisdiction" over claims that are "part of the same case or controversy" as a claim over which the court has original jurisdiction. 28 U.S.C. § 1367(a). Subsection 1367(c) authorizes

---

1. *But see* Peoples v. CCA Detention Centers, 449 F.3d 1097 (10th Cir. 2006) (holding that a district court has jurisdiction over Bivens claim against private corporation).

2. Moreover, the Court notes that the record reveals that Plaintiff's claim of inadequate medical care is insufficient to state a claim for relief under the Eighth Amendment of the United States Constitution.

a federal court to decline jurisdiction over state claims even though the court has federal jurisdiction when:

1. the claim raises a novel or complex issue of State law;

2. the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;

3. the district court has dismissed all claims over which it has original jurisdiction; or

4. in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. §1367(c).

When "the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995). This Report recommends granting Defendants' motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted under Bivens. It follows that Plaintiff's state law claims should be dismissed as considerations of judicial economy, convenience, and fairness to the parties do not provide an affirmative justification for retaining jurisdiction. *Accord* Lovell Manufacturing v. Export-Import Bank of the U.S., 843 F.2d 725, 734 (3d Cir. 1988).

### III. CONCLUSION

It is respectfully recommended that Defendants' Motion to Dismiss (doc. no. 20) be granted. It is further recommended that the Court decline to exercise jurisdiction over Plaintiff's state law claims.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

Dated: December 4, 2008

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

cc: The Honorable Kim R. Gibson
United States District Judge

Julian Guillen
28358-069
CI Moshannon Valley
555 I-Cornell Drive
Philipsburg, PA 16866